# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. E. McDonald, Commissioner
Department of Agriculture
Austin, Texas

Attention: Honorable M. S. Fraze, Director
Markets & Warehouses

Dear Sir:                    Opinion No. 0-5419
                    Re: Under the facts submitted is
                        it permissible for the J. C.
                        Crouch Grain Company to exe-
                        cute one blanket bond to cover
                        all warehouses that they oper-
                        ate, filing a certified copy
                        thereof with the County Clerk
                        of each county in which said
                        company operates a public
                        warehouse?

        You have requested the opinion of this department
upon the above stated question. We quote from your letter:

        "Article 5569, page 7, and Article 5661,
page 34, of the enclosed pamphlet, which con-
tains the warehouse laws, sets out procedure in
bonding State bonded warehouse. The J. C.
Crouch Grain Company, who owns and operates
several State bonded warehouses in different
counties of the State, has asked the question
if it is permissible to execute one blanket bond
to cover all warehouses that they operate. Please
advise this Department if such arrangement will
meet the requirements of the law.

        ". . . ."

        We understand from correspondence attached to your
letter that the J. C. Crouch Grain Company, in lieu of filing
the statutory $5,000 bond with the County Clerk of each county

Honorable J. A. McDonald, Page 2

in which it operates as a public warehouseman, desires to
execute one blanket $1,000,000 bond, and to file a certified
copy thereof with each of said County Clerks.

Article 5569, Vernon's Revised Civil Statutes,
provides:

"The owner, proprietor, lessee or manager
of any public warehouse, whether an individual,
firm or corporation, before transacting any busi-
ness in such public warehouse shall procure from
the county clerk of the county in which the ware-
house or warehouses are situated, a certificate
that he is transacting business as a public ware-
houseman under the laws of the State of Texas,
which certificate shall be issued by said clerk
upon a written application, setting forth the
location and name of such warehouse or warehouses,
and the name of each person, individual or a mem-
ber of the firm, interested as owner or principal
in the management of the same, or, if the ware-
house is owned or managed by a corporation, the
name of the president, secretary and treasurer of
such corporation shall be stated, which applica-
tion shall be received and filed by such clerk
and preserved in his office, and the said certifi-
cate shall give authority to carry on and conduct
the business of a public warehouse and shall be
revocable only by the district court of the county
in which the warehouse or warehouses are situated,
upon a proceeding before the court, by written
petition of any person, setting forth the particu-
lar violation of the law, and upon process, pro-
cedure and proof, as in other civil cases. The
person receiving a certificate, as herein provided
for, shall file with the county clerk granting
same, a bond payable to the State of Texas, with
good and sufficient surety, to be approved by said
clerk, in the penal sum of five thousand dollars,
conditioned for the faithful performance of his
duty as a public warehouseman, which bond shall be
filed and preserved in the office of such county
clerk. Acts 1901, p. 251, Acts 1st C.S. 1913,
p. 93."

Honorable J. E. McDonald, Page 3

Article 5661 provides:

"Any person, firm, corporation, partnership, or association of persons, may become a public warehouseman under the provisions of this chapter by filing with the county clerk of the county in which he is located and proposes to do business, a good and sufficient bond in the sum of five thousand dollars conditioned that he will conduct his business in accordance with the provisions of this chapter. Upon the filing and approval of such bond with the county clerk, it shall be the duty of the county clerk to immediately certify such fact to the Commissioner of Markets and Warehouses. Any one injured by the violation of the terms of the bond, and the provisions of this chapter may recover damages to the extent of said bond. Should said bond become impaired by recovery, or otherwise, said Commissioner may require such public warehouseman to file an additional bond, but in no event shall such additional bond be for a greater amount than five thousand dollars. The bond required hereunder shall be good for the term of one year from the date of filing and the right to continue as a public warehouseman shall be conditioned upon the renewal of said bond from year to year, according to the terms of this chapter. The form of the bond required hereunder shall be prescribed by said Commissioner, and the bond may be made by any surety company authorized to do business under the laws of this State; or by two solvent sureties to be approved by the county clerk of the county in which such public warehouseman may desire to do business. Id. sec. 56."

In defining a bond, the Supreme Court of Texas has said:

"'A bond is what binds. Therefore any instrument in writing that legally binds a party to do a certain thing may be called a bond.' Courand v. Vollmer, 31 Tex. 397, 401."

It is in this sense, we think, that the Legislature used the word "bond" in the statutes above quoted.

Honorable J. E. McDonald, Page 4

It will be noted that the statutes require that the bond itself be filed in the office of the County Clerk, not a copy thereof. And a certified copy, while it bears evidence of its authenticity, is yet nothing more than a copy. We quote from the definition of the word "copy" found in Words and Phrases, Vol. 9, p. 636, the following:

"... Differing from a 'copy', a 'duplicate' instrument in writing is the exact repetition thereof, and according to judicial lexicographers has all the validity of an original. 'A duplicate writing has but one effect. Each duplicate is complete evidence of the intention of the parties.' Bouv. Law Dict. 'A document the same in all respects as some other document, from which it is indistinguishable in its essence and operation.' Anderson's Law Dict. 'An original instrument repeated; a document which is the same as another in all essential particulars, and differing from a mere copy in having all the validity of an original.' Bur. Law Dict. Cable Co. v. Rathgeber, 113 N. W. 88, 90, 21 S. D. 418."

It will thus be seen that a certified copy, being merely evidence of the existence of the bond itself, will not serve the office of the bond required by these statutes.

It is our opinion that the filing of certified copies of such blanket bond would not meet the requirements of the law.

We are returning herewith the letters submitted with your request.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By W. R. Allen

W. R. Allen
Assistant

APPROVED JUL 7, 1945

Gerald C. Mann

WRA:mp
Encl.

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN